Matter of Katerinis v New York City Dept. of Bldgs. (2021 NY Slip Op 01326)





Matter of Katerinis v New York City Dept. of Bldgs.


2021 NY Slip Op 01326


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 158009/19 Appeal No. 13276 Case No. 2020-02734 

[*1]In the Matter of Emanuel Katerinis, P.E., Petitioner,
v
New York City Department of Buildings, et al., Respondents.


Klein Slowik PLLC, New York (Peter E. Sayer of counsel), for petitioner.
James E. Johnson, Corporation Counsel, New York (Julie Steiner of counsel), for respondents.



Determination of respondent Department of Buildings (DOB), dated April 16, 2019, which, after a hearing, found that petitioner knowingly or negligently made material false statements in multiple filings with DOB and displayed incompetence or a lack of knowledge of the Building Code, Zoning Resolution and other applicable laws and rules, and revoked petitioner's filing and professional certification priviledges pursuant to Administrative Code § 28-211.1.2, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Carol R. Edmead, J.], entered January 21, 2020), dismissed, without costs.
There is substantial evidence in the record to support each sustained charge and specification alleging that petitioner knowingly or negligently made material false statements in documents submitted to DOB (Administrative Code of City of NY § 28-211.1) and displayed incompetence or lack of knowledge of the Building Code, the Zoning Resolution, or other applicable laws and rules (1 RCNY 21-02[a][1]) (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-180 [1980]). Contrary to petitioner's contention, the record amply supports DOB's conclusion that in many of the buildings about which petitioner represented that there was no change in occupancy, the proposed work plans actually reflected the addition of bedrooms in the cellars, which resulted in a change in occupancy.
We do not find the penalty imposed disproportionate to the offense, particularly in light of the potential safety risks that Administrative Code § 28-211.1.2 was designed to address (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale and Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]; cf. Matter of Benlevi v New York City Dept. of Bldgs., 116 AD3d 482, 482-483 [1st Dept 2014] [revocation of filing privileges excessive where, inter alia, there was no showing that the false statements "pertained to the substance or content of the building plans and thus presented potential safety risks which Administrative Code of City of NY § 28-211.1.2 was designed to address"]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021